DEFENDANT'S
EXHIBIT

D

30746.00O300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RHONDA MITTS,                          )
                                       )
                   Plaintiff,          )        No. 16 cv 5788
       v.                              )
                                       )        Removed from Circuit Court of
                                       )        Cook County, IL No. 16 L 004430
COSTCO WHOLESALE CORPORATION,          )
                                       )
                   Defendant.          )

## NOTICE OF FILING

To:    All Counsel who has appeared using CM/ECF System of the USDC for the Northern
       District of IL, Eastern Division

       YOU ARE HEREBY NOTIFIED that on *June 8, 2016*, I electronically filed with the
United States District Court for the Northern District of Illinois, Eastern Division, *Defendant,*
*Costco Wholesale Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint*
*and Corporate Disclosure Statement* using CM/ECF System which will send notification of
such filing to the service list.

Bradley C. Nahrstadt
Ryan A. Kelly
LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD.
Attorneys for Defendant, Costco Wholesale Corporation
230 West Monroe Street, Suite 2260
Chicago, Illinois  60606-4703
312-448-6238

       I certify that on June 8, 2016, I electronically filed the foregoing with the Clerk of the
Court using the CM/ECF of the USDC for the Northern District of IL, Eastern Division.


                              /s/ Bradley C. Nahrstadt

{00150881}

30746.00O300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RHONDA MITTS, )
)
Plaintiff, )      No. 16 cv 5788
)
v. )
)
) Removed from Circuit Court of
) Cook County, IL No. 16 L 004430
COSTCO WHOLESALE CORPORATION, )
)
Defendant. )

## ANSWER TO COMPLAINT

Now comes the Defendant, COSTCO WHOLESALE CORPORATION (COSTCO), by and through its attorneys, BRADLEY C. NAHRSTADT and RYAN A. KELLY, and for its answer to the Plaintiff's Complaint at Law, states as follows:

1.      That on the 13th day of July, 2014, the Defendant, COSTCO WHOLESALE CORPORATION, owned the premises located at 1320 S. Route 59, Naperville, DuPage County, Illinois, including, but not limited to, aisles therein.

**ANSWER:**      COSTCO admits the allegations contained in this paragraph.

2.      That on the 13th day of July, 2014, The Defendant COSTCO WHOLESALE CORPORATION, operated the premises located at 1320 S. Route 59, Naperville, DuPage County, Illinois, including, but not limited to, aisles therein.

**ANSWER:**      COSTCO admits the allegations contained in this paragraph.

{00150879}

3.     That on the 13th day of July, 2014, the Defendant, COSTCO WHOLESALE CORPORATION, controlled the premises located at 1320 S. Route 59, Naperville, DuPage County, Illinois, including, but not limited to, aisles therein.

**ANSWER:**     COSTCO admits the allegations contained in this paragraph.

4.     That on the 13th day of July, 2014, the Defendant, COSTCO WHOLESALE CORPORATION, managed the premises located at 1320 S. Route 59, Naperville, DuPage County, Illinois, including, but not limited to, aisles therein.

**ANSWER:**     COSTCO admits the allegations contained in this paragraph.

5.     That on the 13th day of July, 2014, the Defendant, COSTCO WHOLESALE CORPORATION, maintained the premises located at 1320 S. Route 59, Naperville, DuPage County, Illinois, including, but not limited to, aisles therein.

**ANSWER:**     COSTCO admits the allegations contained in this paragraph.

6.     That at all times herein mentioned the plaintiff, RHONDA MITTS, was lawfully on said premises.

**ANSWER:**     COSTCO admits the allegations contained in this paragraph.

7.     That at all times herein mentioned the Defendant owed a duty to the Plaintiff to operate said premises so that the Plaintiff would not be injured.

**ANSWER:**     COSTCO admits the existence of any duty imposed upon it by law or statute, but denies that the allegations contained in this paragraph properly, correctly or fully set forth said duty. Except as admitted herein, the remaining allegations in this paragraph are denied as stated.

8.     That at the time and place aforesaid the Defendant, COSTCO WHOLESALE CORPORATION, individually and through its agents and employees, was then and there guilty of one or more of the following wrongful acts or omissions:

{00150879}                              2

a.  Carelessly and negligently operated, managed, maintained and controlled said premises, including the aisles therein;

b.  Carelessly and negligently allowed the aisles to be and remain in an unsafe condition although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking;

c.  Carelessly and negligently allowed debris to be on the floor in the aisles therein although the Defendant knew or in the exercise of ordinary care should have known that said condition crated a hazard to the Plaintiff walking;

d.  Carelessly and negligently failed to remove the debris in the aisle although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking;

e.  Failed to provide the Plaintiff with a safe place to walk;

f.  Failed to warn the Plaintiff of the dangerous condition of the aisle therein although the Defendant knew or in the exercise of ordinary care should have known that said condition created a hazard to the Plaintiff walking.

**ANSWER:**    COSTCO denies the allegations contained in this paragraph, including subparagraphs (a) through (f), inclusive therein.

9.  That as a direct and proximate result thereof the Plaintiff, RHONDA MITTS, was caused to trip and fall due to the debris.

**ANSWER:**    COSTCO denies the allegations contained in this paragraph.

10.  That as a direct and proximate result thereof the Plaintiff, RHONDA MITTS, was injured in her head, body and limbs, both internally and externally and she suffered bodily pain and injury and mental anguish from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of her said injuries; that she has lost and will in the future lose large sums of money by reason of being unable to follow his usual occupation as a result of said injuries.

{00150879}                                    3

**ANSWER:**   COSTCO denies that any of the plaintiff's alleged injuries, loss of services or pecuniary losses were caused by any COSTCO acts or omissions. COSTCO further denies that the plaintiff suffered any injuries or damages in the manner or to the extent alleged.

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, denies that Plaintiff, RHONDA MITTS, is entitled to a judgment against her in any amount whatsoever and asks that the Complaint at Law against it be dismissed and that judgment be entered in its favor and against the Plaintiff on the remaining pleadings.

Defendant, COSTCO WHOLESALE CORPORATION, demands trial by jury.

## AFFIRMATIVE DEFENSE

NOW COMES the defendant, COSTCO WHOLESALE CORPORATION, and without prejudice to the denials found in its answer to the Plaintiff's Complaint at Law, states as its affirmative defense to the Plaintiff's Complaint at Law as follows:

1.     The plaintiff, RHONDA MITTS, was under a duty to exercise ordinary care for her own safety at the time of the events alleged in the Complaint at Law.

2.     Notwithstanding that duty, the plaintiff, RHONDA MITTS, was guilty of one or more of the following careless and/or negligent acts and/or omissions:

    (a)     Failed to exercise due care and caution while walking;

    (b)     Failed to observe the conditions of the area in which she was walking;

    (c)     Failed to keep a safe and proper lookout while she was walking;

    (d)     Was otherwise negligent and/or careless.

3.     That one or more of the above-stated negligent acts and/or omissions on the part of the plaintiff, RHONDA MITTS, was the direct and proximate cause of the damages sustained by the plaintiff in the incident complained of.

{00150879}                                                4

4.    That plaintiff's acts and/or omissions of negligence or fault contributed to the total culpable conduct which caused the accident and the plaintiff's damages in the cause herein.

5.    That if the finder of fact determines that the plaintiff was guilty of contributory fault in excess of 50 percent of the proximate cause of the plaintiff's injuries or damages, this court should enter judgment for the defendant.

6.    That if the finder of fact determines that the comparative fault on the part of the plaintiff is not more than 50 percent of the proximate cause of the injury or damage for which recovery is sought, any damages allowed must be diminished in proportion to the amount of fault attributable to the plaintiff.

WHEREFORE, the Defendant, COSTCO WHOLESALE CORPORATION, prays that if the finder of fact determines that the Plaintiff was guilty of contributory fault in excess of 50 percent of the proximate cause of the Plaintiff's injuries and damages, that judgment be entered in favor of the Defendant, COSTCO WHOLESALE CORPORATION. The Defendant further prays that if the finder of fact determines that the Plaintiff was not more than 50 percent at fault in causing her own injuries and damages, that any damages awarded to the Plaintiff be reduced in proportion to the amount of fault attributable to the Plaintiff. The Defendant, COSTCO WHOLESALE CORPORATION, prays for such other and further relief to which the Defendant may show itself to be justly entitled.

Defendant, COSTCO WHOLESALE CORPORATION, demands trial by jury.

Respectfully submitted,


/s/ Bradley C. Nahrstadt
Attorney for Defendant, Costco Wholesale Corporation

{00150879}                                    5

Bradley C. Nahrstadt – bcn@lipelyons.com
Ryan A. Kelly – rak@lipelyons.com
LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD.
230 West Monroe Street, Suite 2260
Chicago, Illinois 60606-4703
(312) 448-6230