# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RHONDA MITTS, | ) |
| Plaintiff, | ) |
| | ) No. 16 C 5788 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| COSTCO WHOLESALE CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rhonda Mitts brings this action against defendant Costco Wholesale Corporation ("Costco"), alleging that defendant's negligence caused her to slip, fall, and injure herself in one of defendant's stores. Costco has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court grants the motion.

## BACKGROUND

At approximately 3 p.m. on July 13, 2014, plaintiff and her husband arrived at a Costco store in Naperville, Illinois. (Def.'s LR 56.1 Stmt. ¶¶ 8-9, ECF No. 22.) After shopping for about twenty minutes, plaintiff entered a walk-in dairy cooler stocked with milk and eggs near the back of the store. (*Id*. ¶¶ 10-12.) As she approached the back wall of the cooler, she slipped on an unknown liquid substance, which caused to fall and injure her left arm and right foot. (*Id.* ¶¶ 13-15; *id.*, Ex. E, Pl.'s Dep., at 20:4-13, 34:16-36:9.) Plaintiff described the substance as "stickier" and "tackier" than water, "like milk," but not as sticky as glue. (*Id.* Ex. E at 19:14-20:5.) She does not know what the substance was, how it got onto the floor, or how long it had been on the floor when she slipped on it. (*Id.*, Ex. E at 20:3-5, 20:13-18.) The wet area of the floor was about the size of a dinner plate, large enough so that after she fell, plaintiff's leg was

wet approximately from her knee to her ankle. (Pl.'s LR 56.1 Stmt. of Add'l Facts ¶¶ 12-13, ECF No. 25 at 3.)

On an hourly basis, Costco required an employee to conduct a "floor walk," during which the employee would visually inspect the store for unsafe conditions and hazards by walking up and down aisles and throughout the store. (Def.'s LR 56.1 Stmt. ¶¶ 32-41.) According to the Naperville Costco's "Daily Floor-Walk/Safety Inspection" sheet for the day of plaintiff's fall, Costco employee Mary Maiorano began a floor walk at 2:53 p.m. and completed it at 3:20 p.m. (*Id.*, Ex. I, Maiorano Dep. at 6:1-8:7, Exs. 1 &2, ECF No. 22-9 at 2, 14-15.) As part of the floor walk, she was required to enter the dairy cooler and walk to the back in order to take the temperature of the cooler. (*Id.*, Ex. J, Maiorano Aff. ¶ 6, ECF No. 22-10.) She entered the dairy cooler at approximately 3:10 p.m., recorded a temperature of 32 degrees, and visually inspected the floor of the cooler, where she did not see any liquid substance. (*Id.*, Ex. J ¶¶ 5, 7-9.)[1]

Crystal Harper, an assistant general manager at the Naperville Costco, testified at her deposition that, although she was aware that milk sometimes spilled in the dairy cooler, she was not aware of anyone other than plaintiff ever slipping and falling there.[2] (*Id.* ¶¶ 28, 30; Pl.'s LR 56.1 Stmt. of Add'l Facts ¶¶ 16-17.)

---

[1] Plaintiff attempts to create a dispute regarding certain portions of Ms. Maiorano's affidavit by claiming that certain facts defendant asserts are "not found" in the affidavit (*see* Pl.'s LR 56.1 Resp. ¶¶ 48-52), but even a cursory review of the affidavit, which consists of less than two pages of nine short paragraphs, shows that it does contain the asserted facts, although defendant cites the wrong paragraph numbers. The only purportedly contrary evidence that plaintiff cites is not inconsistent with Ms. Maiorano's statements (*see id.* ¶ 48), and the Court considers the facts in paragraphs 48-52 of defendant's LR 56.1 Statement not to be genuinely disputed.

[2] Plaintiff has filed a motion to strike in which she objects on evidentiary grounds to defendant's reliance on Ms. Harper's testimony and other evidence in certain paragraphs of defendant's Local Rule 56.1 Statement. "This sort of motion to strike is particularly disfavored" because it "wastes time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim." *Paldo Sign & Display Co. v. Unified Mktg., LLC,* No. 13 C 1896, 2017 WL 951313, at *4 (N.D. Ill. Mar. 10, 2017) (internal citations and quotation marks omitted). Plaintiff's evidentiary objections are generally unfounded, either because they lack merit or they ignore that the Court may rely on "facts whose substance would be admissible at trial," even if they would not be admissible in "the form produced at the

## ANALYSIS

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court must view all evidence and draw all inferences in favor of the non-moving party. *See Wesbrook v. Ulrich*, 840 F.3d 388, 391 (7th Cir. 2016); *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). At this stage, the court may not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson*, 477 U.S. at 248); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013).

The Seventh Circuit has explained, as follows, the principles of Illinois law that govern plaintiff's negligence claim in this diversity case:

> In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them. *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057-58 (Ill. 2006); *Thompson v. Economy Super Marts, Inc.*, 581 N.E.2d 885, 888 (Ill. App. Ct. 1991); *Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008) (applying Illinois law); *Peterson v. Wal–Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001) (same). . . . Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance;

---

summary judgment stage." *Henson v. Canon Bus. Sols., Inc.*, 69 F. Supp. 3d 730, 736 (N.D. Ill. 2014). Even if there are any inadmissible or improper statements in defendant's submission, the Court disregards such statements as a matter of course, and the challenged paragraphs generally achieve their purpose of directing the Court to the appropriate parts of the record so that it may determine whether there is a genuine issue of material fact. Accordingly, plaintiff's motion to strike is denied.

3

or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e., the business had constructive notice of the substance. *See Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 953 N.E.2d 427, 431 (Ill. App. Ct. 2011); *Pavlik v. Wal–Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001).

*Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014) (internal citations altered). Defendant argues it is entitled to summary judgment because plaintiff cannot establish that the substance that caused her to slip came to be on the floor of the dairy cooler through defendant's negligence or that defendant had actual or constructive notice of it. According to defendant, plaintiff readily admitted at her deposition that she does not know what the substance was, how it got onto the floor, or how long it had been on the floor when she slipped on it, and she cannot adduce any evidence that answers these questions.

## I. WHETHER DEFENDANT NEGLIGENTLY PLACED THE SUBSTANCE ON THE FLOOR

Plaintiff's main argument in response to defendant's motion is that a reasonable juror could infer that the substance on which she slipped came to be on the floor through defendant's negligence in its operation of the Naperville store. Although she admits she does not know for sure what the substance was, she describes it as stickier and tackier than water, like milk might be. Further, Ms. Harper testified at her deposition that she has occasionally seen spills or wet spots on the floor of the dairy cooler. (Def.'s LR 56.1 Stmt., Ex. G, Harper Dep. at 23:15-23:22, ECF No. 22-7 at 6-7.) The wet spots usually consisted of spilled milk, and they occurred approximately twice a month, in Ms. Harper's estimation. (*Id.*, Ex. G at 23:23-25:4.) Since plaintiff apparently slipped on spilled milk, and since, according to Ms. Harper, defendant's operations regularly caused milk from leaky cartons to spill onto the floor of the dairy cooler, plaintiff argues that it is reasonable to infer that, on the day of plaintiff's fall, defendant

4

negligently caused milk to spill onto the floor of the dairy cooler, which caused plaintiff to fall and injure herself.

Plaintiff's burden is to show that "in addition to the fact that the substance on the floor was a product sold or related to defendant's operations, . . . some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, [supports the inference] that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises." *Donoho v. O'Connell's, Inc.*, 148 N.E.2d 434, 439 (Ill. 1958). Even assuming that plaintiff slipped on spilled milk (although plaintiff's husband testified that the substance was "clear," not white (Def.'s LR 56.1 Stmt., Ex. F, Michael Mitts Dep. at 17:7-12)), the evidence is woefully inadequate to permit a reasonable inference that defendant was more likely to have spilled the substance than a customer. This case is essentially indistinguishable from the Seventh Circuit's decision in *Zuppardi*, in which the court explained that plaintiff did not "come close to setting forth sufficient evidence" to establish that the defendant caused the spill, when plaintiff did not see any water on the floor prior to her fall; did not know how it accumulated; did not notice any trails, tracks, or footprints leading to or from the puddle; and did not see any employees in the vicinity. *See* 770 F.3d at 650. While it is at least possible that defendant negligently caused the spill to the extent that plaintiff slipped on "something that happens to be sold" by defendant, that is not enough to support a reasonable inference that it is more likely that defendant caused the spill than a customer. *See id.* (citing *Olinger v. Great Atl. & Pac. Tea Co.*, 173 N.E.2d 443, 446 (Ill. 1961) ("[E]ven where there is proof that the foreign substance was related to defendant's business, but no further evidence is offered other than the presence of the substance and the occurrence of the injury, . . . such evidence [is] insufficient to support the necessary inference.")).

Plaintiff argues that *Zuppardi* is distinguishable because, in that case, the inference of causation was weaker. In *Zuppardi*, although defendant sold bottled water, there were no bottles or other obvious source of water in the immediate vicinity of the fall, whereas in this case, plaintiff fell in the dairy cooler, where cartons of milk were kept, and there was evidence that milk spills happened there occasionally. But this distinction makes no difference. At most, plaintiff might prove that she slipped on milk in a dairy cooler; she does not adduce evidence demonstrating that it is more likely that *defendant*, rather than a customer, caused the spill that caused her to slip. *See Thompson v. Econ. Super Marts, Inc.*, 581 N.E.2d 885, 888-89 (Ill. App. Ct. 1991) (not reasonable to infer that defendant grocery store's employees were likely to have dropped the lettuce leaf on which plaintiff slipped merely because it was near the produce section); *cf. Mraz v. Jewel Tea Co.*, 257 N.E.2d 548, 554 (Ill. App. Ct. 1970) (jury could reasonably infer that defendant dropped the lettuce leaf because plaintiff slipped in a part of the store where customers were unlikely to handle unwrapped lettuce). Plaintiff dismisses the possibility of a customer spilling milk or another sticky liquid in the store as speculative to the point of absurdity, but there is nothing absurd about it; plaintiff herself discusses an example of just such a case. *See Reid v. Kohl's Dep't Stores,* 545 F.3d 479, 481 (7th Cir. 2008) (plaintiff slipped on milkshake that another customer had spilled in the aisle of defendant department store).

The cases plaintiff cites are distinguishable because, in those cases, it was clear that the defendant was responsible for a hazardous condition that caused customers to trip. *See Caburnay v. Norwegian Am. Hosp.*, 963 N.E.2d 1021, 1031 (Ill. App. Ct. 2011) (defendant placed in its hospital a floor mat that was prone to buckling); *Grothen v. Marshall Field & Co.*, 2625 N.E.2d 343, 346 (Ill. App. Ct. 1993) (defendant's use of pallet jacks to distribute

merchandise throughout its store broke metal stripping holding down carpeting). Unlike in plaintiff's cited authorities, in this case there is no evidence showing that defendant, as opposed to a customer, caused the particular condition that caused plaintiff to fall and injure herself.

Plaintiff has not "come forward with evidence that would reasonably permit the finder of fact to find in her favor" on the issue of whether defendant's negligence caused the spill. *Modrowski*, 712 F.3d at 1167.

## II. NOTICE

In her response brief, plaintiff does not explicitly argue that defendant had either actual or constructive notice of the spill; in fact, she appears to disavow any such argument because, in her discussion of *Caburnay* and *Grothen*, she emphasizes that she need not prove either actual or constructive notice. (*See* Pl.'s Resp. Br. at 10-12.) Plaintiff appears to have forfeited any dependence on a notice theory. *See Merry Gentleman, LLC v. George & Leona Prods., Inc.*, 76 F. Supp. 3d 756, 761 (N.D. Ill. 2014) (plaintiff forfeited theory by failing to defend it in response to motion for summary judgment); *see also Doe ex rel. G.S. v. Johnson*, 52 F.3d 1448, 1457 (7th Cir. 1995) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.") (internal quotation marks omitted); *Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995) (The court "has no duty to research and construct legal arguments available to a party, especially when he is represented by counsel.") (internal quotation marks omitted).

Even if plaintiff had not forfeited the argument, the evidence does not support a reasonable inference that defendant had actual or constructive notice of the spill. There is no evidence that defendant or any of its employees had received actual notice of the spill. As for constructive notice, it "can be established under Illinois law by either presenting evidence that

7

(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi*, 770 F.3d at 651.

First, plaintiff is unable to show that the spill existed for an unreasonably long time because she admits she does not personally know when the spill occurred, nor is there any evidence establishing when it occurred. *See Tomczak v. Planetsphere, Inc.*, 735 N.E.2d 662, 668 (Ill. App. Ct. 2000) (affirming summary judgment for defendant on constructive notice where plaintiff pointed to no evidence of how long moisture had been on the floor). Not only is there no evidence that the spill occurred so long before plaintiff's fall that the exercise of ordinary care should have revealed it to defendant, but there is some evidence to the contrary; according to Mary Maiorano's affidavit, Ms. Maiorano inspected the dairy cooler floor at approximately 3:10 p.m., about ten minutes before the accident happened, and she did not see the substance there. There is no "bright-line rule indicating the requisite time to establish notice," but there is little to distinguish this case from *Reid*, in which the Seventh Circuit held that "no reasonable person could conclude that ten minutes was enough time to give [defendant] reasonable notice of the spilled substance." 545 F.3d at 483.

Nor might plaintiff establish constructive notice by way of a pattern of recurring incidents. To do so, "[w]hat is needed is a pattern of dangerous conditions which were not attended to within a reasonable period of time." *Culli v. Marathon Petroleum Co.,* 862 F.2d 119, 126 (7th Cir. 1988). A pattern of recurring accidents in which customers slipped on spilled milk might suffice; a pattern of recurring spills, by themselves, does not. Plaintiff emphasizes Ms. Harper's deposition testimony that milk spills occasionally occurred in the dairy cooler at the Naperville Costco, but she does not point to evidence that these spills caused any accidents or

were not attended to within a reasonable time. Without accompanying evidence that the spills were not attended to within a reasonable amount of time, the recurring spills do not provide defendant with constructive notice of the spill that caused plaintiff's injury. *See Zuppardi v. Wal-Mart Stores, Inc.*, No. 12-CV-2183, 2013 WL 5236644, at *12 (C.D. Ill. Sept. 17, 2013), *aff'd*, 770 F.3d 644 (7th Cir. 2014); *Shimkus v. Target Corp.*, No. 10 C 7066, 2012 WL 619500, at *4 (N.D. Ill. Feb. 24, 2012) ("[T]he fact that spills are common at Target is both unsurprising (in light of its business) and insufficient to demonstrate notice under *Culli*. *Culli* requires a pattern or practice of *inadequate responses* to such spills.").

Under any theory, then, the evidence is insufficient to enable a reasonable finder of fact to rule in plaintiff's favor. Defendant's motion for summary judgment is granted.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's motion for summary judgment [18]. Plaintiff's motion to strike [26] is denied. Civil case terminated.

**SO ORDERED.**

**ENTERED:** December 8, 2017

**HON. JORGE L. ALONSO**
**United States District Judge**

9